UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHAIS MILLER,<br><br>   Plaintiff,<br><br>   v.<br><br>MULE CREEK STATE PRISON, et al.,<br><br>   Defendants. | No. 2:22-cv-0599 DB P<br><br><br>ORDER |

Plaintiff, a state prisoner, has filed a civil rights action under 42 U.S.C. § 1983. As best this court can tell, in his complaint filed April 5, 2022, plaintiff alleges that he has been unable to get his property since he was transferred to Mule Creek State Prison on March 12, 2022. He appears to also allege he has been subject to retaliation. Plaintiff admits that he has not fully exhausted his claims by presenting them to the highest level of administrative review. (ECF No. 1 at 3, 4.) Plaintiff states that he has not fully exhausted because this suit involves an "emergency mental health issue." For relief, plaintiff asks for the "retaliation to stop," for proper mental health care, for immediate return of his property, and for nominal damages.

**SCREENING**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

1

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

## EXHAUSTION

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).  The Supreme Court has established the guidelines for assessing whether a prisoner's administrative remedies were unavailable.  "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'"  Ross v. Blake, 578 U.S. 632, 642 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)).

There are only "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." Ross, 578 U.S. at 642.  These circumstances are: (1) the "administrative procedure . . . operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme ... [is] so opaque that it becomes, practically speaking, incapable of use . . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 642-43 (citations and internal punctuation omitted). Other than these circumstances demonstrating the unavailability of an administrative remedy, the mandatory language of 42 U.S.C. § 1997e(a) "foreclose[es] judicial discretion," which "means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." Id. at 638-39.

The fact plaintiff feels his case is an emergency is not, without more, an exception to the exhaustion requirement.  Plaintiff does not explain why the administrative appeal process was not available to him.  Plaintiff's concession that he did not exhaust his administrative remedies requires dismissal of this action unless plaintiff can plausibly demonstrate that administrative

2

remedies were effectively unavailable to him. Plaintiff will be given the opportunity to file a statement showing that his failure to exhaust meets one of the exceptions identified in Ross. If plaintiff is unable to make that showing, this court must recommend dismissal of this action.

For the foregoing reasons, IT IS HEREBY ORDERED that within thirty days of the date of this order, plaintiff shall file either (1) a statement demonstrating that he meets one of the exceptions to the exhaustion requirement set out in Ross; or (2) a notice that he is dismissing this case.

Dated: April 15, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Civil Rights/R/mill0599.scrn exh osc